Hearing Date:  **To be Determined**
Objection Deadline:  **To be Determined**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Bradford J. Sandler
John W. Lucas
Maria A. Bove

Attorneys for Alfred T. Giuliano, the chapter 7 trustee for the estate of, Evergreen International Airlines, Inc., among others, pending in the United States Bankruptcy Court for the District of Delaware

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    Evergreen International Airlines, Inc.,<br><br>             Debtor.[1] | Chapter 7<br><br>Case No.: 1:13-bk-47494 (NHL) |
| Christopher Tottorelli and Jens Schulz, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs<br><br>v.<br><br>Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., and Evergreen Holdings Inc.,<br><br>            Defendants. | Adv. Pro. No.: 1:13-01550 (NHL) |

**NOTICE OF ORDER APPROVING STIPULATION BETWEEN**
**DEBTOR AND THE PETITIONING CREDITORS REGARDING THE**
**DISMISSAL OF THE ABOVE-CAPTIONED CHAPTER 7 CASE AND**
**<u>ALL OTHER PENDING PROCEEDINGS AND MATTERS IN SUCH CASE</u>**

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 7870. The Debtor's mailing address is 3850 Three Mile Lane McMinnville, Oregon 97128.

**PLEASE TAKE NOTICE** that Alfred T. Giuliano, the Chapter 7 trustee (the "Trustee") for the estate of, among others, Evergreen International Airlines, Inc. (the "***Debtor***"), pending in the United States Bankruptcy Court for the District of Delaware  , on behalf of the Debtor in the above-captioned involuntary chapter 7 case (the "***Case***"), pursuant to section 707(a) of title 11 of the United States Code and Local Rule 2002-1, will present the annexed Order (the "***Order***") approving the *Stipulation Between Debtor and Christopher Tortorelli and Jens Schulz Regarding the Dismissal of the Above-Captioned Chapter 7 Case and All Other Pending Proceedings and Matters in Such Case* (the "***Stipulation***") to the Honorable Nancy H. Lord, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of New York (the "***Bankruptcy Court***"), at hearing to be scheduled by separate order (the "***Scheduling Order***"). The Order has been agreed to by the Trustee, and Five Towns Motor Inn, Inc, Sunrise One, LLC, and Aero Snow Removal Corp., the petitioning creditors (the "***Petitioning Creditors***") in the above-captioned chapter 7 case. A true and copy of the Stipulation and Order are annexed hereto as **Exhibit A** and **Exhibit B**, respectively.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (the "***Local Rules***") and served upon each of the following parties:  (a) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York 10017, Attn.: Bradford J. Sandler and John W. Lucas, counsel to the Trustee and (b) McBreen and Kopko, 500 North Broadway Jericho, New York 11753, Attn.: Kenneth A Reynolds, counsel for the Petitioning Creditors, so as to be actually received no later than the date and time set forth in the Scheduling Order issued by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Trustee provided notice of the Stipulation and Order to:  McBreen and Kopko, 500 North Broadway Jericho, New York 11753, Attn.: Kenneth A Reynolds, counsel for the Petitioning Creditors, and counsel to the Plaintiff's in the New York Adversary Proceeding (as defined in the Stipulation attached hereto as Exhibit A). No other parties were served with notice of the proposed Order and Stipulation because

(a) no creditors have filed a notice of appearance in the Case, (b) no creditors have filed proofs

of claim against the Debtor's estate, and (c) the Case is being dismissed for administrative

convenience because the Debtor commenced a voluntary chapter 7 case on December 31, 2013

in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Chapter 7*

*Case*"). As a result, the Trustee submits that additional notice is not necessary and would be an

inefficient use of estate resources because the rights and claims of potential creditors are not

prejudiced by the Stipulation and Order, and all such parties may assert claims against the Debtor

in the Delaware Chapter 7 Case.

Dated:  January 27, 2014          PACHULSKI STANG ZIEHL & JONES LLP

                                  */s/ Maria A. Bove*
                                  Bradford J. Sandler
                                  John W. Lucas
                                  Maria A. Bove
                                  PACHULSKI STANG ZIEHL & JONES LLP
                                  780 Third Avenue, 36th Floor
                                  New York, New York
                                  Telephone:  (212) 561-7700
                                  Facsimile:   (212) 561-6352

                                  Attorneys for Alfred T. Giuliano, the Chapter 7 Trustee for the
                                  estate of, among others, Evergreen International Airlines, Inc.,
                                  pending in the United States Bankruptcy Court for the District of
                                  Delaware

# EXHIBIT A

## (The Stipulation)

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Bradford J. Sandler
John W. Lucas

Attorneys for Alfred T. Giuliano, the chapter 7 trustee for the estate of, Evergreen International Airlines, Inc., among others, pending in the United States Bankruptcy Court for the District of Delaware

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>        Evergreen International Airlines, Inc.,<br><br>                            Debtor.[1] | Chapter 7<br><br>Case No.: 1:13-bk-47494 (NHL) |
| Christopher Tottorelli and Jens Schulz, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs<br><br>v.<br><br>Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., and Evergreen Holdings Inc.,<br><br>                            Defendants. | Adv. Pro. No.: 1:13-01550 (NHL) |

**STIPULATION BETWEEN DEBTOR AND PETITIONING CREDITORS**
**REGARDING THE DISMISSAL OF THE ABOVE-CAPTIONED CHAPTER 7**
**CASE AND ALL OTHER PENDING PROCEEDINGS AND MATTERS IN SUCH CASE**

This stipulation (the "***Stipulation***") is made and entered into by Alfred T. Giuliano (the

"***Trustee***"), the Chapter 7 trustee of Evergreen International Airlines, Inc., a debtor (the

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 7870. The Debtor's mailing address is 3850 Three Mile Lane McMinnville, Oregon 97128.

"*Debtor*") in a chapter 7 case pending in the United States Bankruptcy Court for the District of Delaware, and Five Towns Motor Inn, Inc, Sunrise One, LLC, and Aero Snow Removal Corp.,, the petitioning creditors (the "Petitioning Creditors") that commenced the above-captioned involuntary chapter 7 case (the "*New York Bankruptcy Case*") against the Debtor that is pending before Honorable Nancy H. Lord, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of New York, and hereby stipulate and agree as follows in accordance with the following facts and recitals:

## RECITALS

A.    On December 18, 2013, Five Towns Motor Inn, Inc, Sunrise One, LLC, and Aero Snow Removal Corp., (the "*Petitioning Creditors*" and together with the Trustee, the "*Parties*") commenced an involuntary chapter 7 case against the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "*Bankruptcy Court*").

B.    On December 20, 2013, an adversary proceeding (the "*New York Adversary Proceeding*"), case number 1:13-01550 (NHL), was commenced against the Debtor, Evergreen International Aviation, Inc., and Evergreen Holdings Inc. Both Evergreen International Aviation, Inc., and Evergreen Holdings Inc. are affiliates of the Debtor (together, the "*Affiliates*"). By the complaint filed in the New York Adversary Proceeding, the Petitioning Creditors allege that the Debtor and Affiliates are liable for claims arising under 29 U.S.C. § 2101 et seq. (the "*WARN Act*") for failure to provide employees the appropriate termination notice required under the WARN Act.

C.    On December 31, 2013, the Debtor commenced a voluntary chapter 7 case in the United States Bankruptcy Court for the District of Delaware, Case Number 13-13363 (MFW) (the "*Delaware Bankruptcy Case*"). A true and correct copy of the petition for the Delaware Bankruptcy Case is annexed to this Stipulation as **Exhibit 1**.

D.      On January 3, 2014, an adversary proceeding (the *"Delaware Adversary Proceeding"*) that was identical to the New York Adversary Proceeding, case number Bankr. D. Del. No. 14-50001 (MFW), was commenced against the Debtor and Affiliates. By the complaint filed in the Delaware Adversary Proceeding, the Petitioning Creditors allege that the Debtor and Affiliates are liable for claims arising under the WARN Act for failure to provide employees the appropriate termination notice required under the WARN Act.

E.      The plaintiffs of, and claims asserted in, the New York Adversary Proceeding are identical to the claims asserted in the Delaware Adversary Proceeding, and the plaintiffs in both adversary proceedings are represented by the same counsel who regularly appears in the United States Bankruptcy Court for the District of Delaware.

F.      The Parties agree that it is in the best interest of the Debtor's estate to dismiss the New York Bankruptcy Case and the New York Adversary Proceeding because any claims asserted by the Petition Creditors, or other parties in interest, are not prejudiced and may be asserted in the Delaware Bankruptcy Case and Delaware Adversary Proceeding.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and both Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

1.      Upon execution of this stipulation by the Parties or their representatives and entry of an order by the Bankruptcy Court approving this Stipulation, the New York Bankruptcy Case and New York Adversary Proceeding is dismissed with prejudice.

2.      For the avoidance of doubt, the dismissal of the New York Bankruptcy Case and New York Adversary Proceeding shall in no way harm the rights, claims, and defenses of the Petitioning Creditors, any other party in interest, and the Trustee on behalf of the Debtor.

3.      Promptly after execution of this Stipulation by the Parties, the Trustee shall submit it for approval to the Bankruptcy Court and file the Stipulation in both the New York Bankruptcy Case and New York Adversary Proceeding.

4.      Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

5.      Each party to this Stipulation warrants and represents that the facts set forth herein are true and correct and that it has the power and authority to execute, deliver, and perform the respective obligations under this Stipulation.

6.      The Petition Creditors further represent that they have not transferred any claim (or any portion thereof) against the Debtor.

7.      This Stipulation contains the entire agreement among the Parties relating to the subject matter hereof and can only be amended or otherwise modified by a signed writing executed by the Parties.

8.      This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic (e-mail) transmission, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

9.      This Stipulation shall be governed by the laws of the State of New York and the Bankruptcy Code.

10.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

Dated: January 24, 2014

By _____

Alfred T. Giuliano

*Chapter 7 Trustee of*
*Evergreen International Airlines, Inc.*

Dated: January 24, 2014

MCBREEN & KOPKO

By _____

Kenneth A. Reynolds

*Counsel to the Petitioning Creditors*

## EXHIBIT 1

### (Delaware Bankruptcy Petition)

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Evergreen International Airlines, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>EIA | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>81-0357870 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>3850 Three Mile Lane<br>McMinnville, Oregon<br>ZIP CODE 97128 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Yamhill County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                        Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                           Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Evergreen International Airlines, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: Please See Attached. | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐  Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X _____ Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                  Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Evergreen International Airlines, Inc. |

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
 Signature of Debtor

X _____
 Signature of Joint Debtor

 _____
 Telephone Number (if not represented by attorney)

 _____
 Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
 (Signature of Foreign Representative)

 _____
 (Printed Name of Foreign Representative)

 _____
 Date

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

X /s/ James L. Patton, Jr.
 _____
 Signature of Attorney for Debtor(s)
 James L. Patton, Jr./Joel A. Waite
 Printed Name of Attorney for Debtor(s)
 Young Conaway Stargatt & Taylor, LLP
 Firm Name

 1000 North King Street
 Wilmington, DE 19801
 Address
 302-571-6600
 Telephone Number
 12/31/13
 Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

 _____
 Printed Name and title, if any, of Bankruptcy Petition Preparer

 _____
 Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
 Signature of Authorized Individual
 Michael A. Hines
 Printed Name of Authorized Individual
 Chairman of the Board and President
 Title of Authorized Individual

 _____
 Date

 _____
 Address

X _____
 Signature

 _____
 Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B1 (Official Form 1) (04/13)

| Voluntary Petition | Page 3 |
|---|---|
| *(This page must be completed and filed in every case.)* | Name of Debtor(s): Evergreen International Airlines, Inc. |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X _____<br>    Signature of Attorney for Debtor(s)<br>    James L. Patton/Joel A. Waite<br>    Printed Name of Attorney for Debtor(s)<br>    Young Conaway Stargatt & Taylor, LLP<br>    Firm Name<br><br>    1000 North King Street<br>    Wilmington, DE 19801<br>    Address<br>    302-571-6600<br>    Telephone Number<br><br>    _____<br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br>    Michael A. Hines<br>    Printed Name of Authorized Individual<br>    Chairman of the Board and President<br>    Title of Authorized Individual<br>    12/31/13<br>    Date | _____<br>Address<br><br>X _____<br>    Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ADDENDUM TO VOLUNTARY PETITION

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the affiliated entities listed below, including the Debtor in this chapter 7 case, has filed or will file a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

1.     Evergreen Aviation Ground Logistics Enterprise, Inc.

2.     Evergreen Defense & Security Services, Inc.

3.     Evergreen International Airlines, Inc.

4.     Evergreen International Aviation, Inc.

5.     Evergreen Systems Logistics, Inc.

6.     Evergreen Trade, Inc.

7.     Supertanker Services, Inc.

In addition, on December 17, 2013, certain creditors of Evergreen International Airlines, Inc. ("EIA") filed an involuntary petition against EIA under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, Case No. 13-47494 (NHK).

01:14594946.1

## SECRETARY'S CERTIFICATE

The undersigned, Andrea Avolio, Secretary of Evergreen International Airlines, Inc. (the "Company"), an Oregon corporation, hereby certifies on behalf of the Company, as the Secretary of the Company, and not in any individual capacity, as follows:

1.    I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.    Each of the following person is a duly elected, qualified and acting Director of the Company:

    Chairman ......................................................................Michael A. Hines
    Director.........................................................................Delford M. Smith
    Director.........................................................................Ryan Smith

3.    Attached hereto is a true and complete copy of the resolutions of the Board of Directors of the Company.

4.    Such resolutions have not been amended, altered, annulled, rescinded or revoked in any manner and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 31 day of December, 2013.

_____
Andrea Avolio

01:14594985.1

<u>ANNEX A</u>

## WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF

## EVERGREEN INTERNATIONAL AIRLINES, INC.

### December 3 1, 2013

The Board of Directors (the "<u>Board of Directors</u>") of Evergreen International Airlines, Inc., an Oregon corporation (the "<u>Corporation</u>"), does hereby waive all notice of the time, place and purpose of meeting pursuant to the bylaws and the General Corporation Law of the State of Oregon and does hereby consent in writing without formality of convening a meeting, and approve in all respects the adoption of, and does hereby adopt, the following resolutions in lieu of a meeting of the Board of Directors.

WHEREAS, the Board of Directors has reviewed the materials presented by management and the advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation and the strategic alternatives available to the Corporation; and

WHEREAS, the Board of Directors has had the opportunity to consult with management and the advisors of the Corporation and has fully considered each of the strategic alternatives available to it;

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interest of each of the Corporation, its creditors, and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 7 of the Bankruptcy Code and the filing of such petition is hereby authorized; and it is further

RESOLVED, that the officers of the Corporation, including without limitation, the President, Chief Financial Officer, Vice President, or Secretary of the Corporation or any one of them (collectively, the "<u>Authorized Officers</u>"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to execute and verify a petition in the name of the Corporation under chapter 7 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware in such form and at such time as the Authorized Officer(s) executing said petition on behalf of the Corporation shall determine; and it is further

01:14623793.1

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers, and in that connection to utilize all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and proper in connection with the chapter 7 case, with a view to the successful prosecution of such case; and it is further

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to retain professionals to render services to the Corporation in connection with the chapter 7 case; and it is further

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Corporation, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Authorized Officers to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Corporation under chapter 7 of the Bankruptcy Code, or in connection with the chapter 7 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

01:14623793.1

IN WITNESS WHEREOF, the undersigned members of the Board of Directors have
executed this instrument as of the date first written above.

_____
Michael A. Hines
Chairman of the Board


_____
Delford M. Smith
Director


_____
Ryan Smith
Director

01:14623793.1

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  :   Chapter 7
                                        :
EVERGREEN INTERNATIONAL                 :   Case No. 13-_____  (___)
AIRLINES, INC.,                         :
                                        :
          Debtor.                       :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**CORPORATE OWNERSHIP STATEMENT OF
EVERGREEN INTERNATIONAL AIRLINES, INC.**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Corporate Equity Holder | Address of Corporate Equity Holder | Interest |
|---|---|---|
| Evergreen International Aviation, Inc.[1] | 3850 Three Mile Lane McMinnville, OR 97128 | 100% |

**DECLARATION**

I, Michael A. Hines, Chairman of the Board and President of the Debtor in this case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: December 31, 2013
       McMinnville, Oregon

By: _____
Name:  Michael A. Hines

---

[1]    Evergreen International Airlines, Inc. ("Airline") is a wholly owned subsidiary of Evergreen International Aviation, Inc. ("Aviation"). See the Corporate Ownership Statement of Aviation filed as an attachment to its voluntary petition for relief under chapter 7 of title 11 of the United States Code for a list of indirect equity holders of Airline.

01:14623932.1

**EXHIBIT B**

**(The Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
|      Evergreen International Airlines, Inc., | Case No.: 1:13-bk-47494 (NHL) |
|                      Debtor.[1] | |
| Christopher Tottorelli and Jens Schulz, on behalf of themselves and all others similarly situated, | |
|                      Plaintiffs | Adv. Pro. No.: 1:13-01550 (NHL) |
| v. | |
| Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., and Evergreen Holdings Inc., | |
|                      Defendants. | |

**ORDER APPROVING STIPULATION BETWEEN**
**DEBTOR AND THE PETITIONING CREDITORS REGARDING THE**
**DISMISSAL OF THE ABOVE-CAPTIONED CHAPTER 7 CASE AND**
**ALL OTHER PENDING PROCEEDINGS AND MATTERS IN SUCH CASE**

THIS MATTER came before the Court on the by *Notice of Presentment of Order*

*Approving Stipulation Between Debtor and the Petitioning Creditors Regarding the Dismissal of*

*the Above-Captioned Chapter 7 Case and All Other Pending Proceedings and Matters in Such*

*Case* (the "***Stipulation***").[2] The Court, having considered the Stipulation and the record before it,

finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334;

(b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; and (c) this matter is core

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 7870. The Debtor's mailing address is 3850 Three Mile Lane McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings used in the Stipulation.

pursuant to 28 U.S.C. § 157(b)(2).  For the reasons set forth in the Stipulation, it is hereby

ORDERED:

1.    The involuntary case of Evergreen International Airlines, Inc., Case Number 1:13-bk-47494 (NHL) (the "*New York Bankruptcy Case*"), shall be, and is, hereby dismissed with prejudice.

2.    The adversary proceeding, Case Number 1:13-01550 (NHL) (the "*New York Adversary Proceeding*"), shall be, and is, hereby dismissed with prejudice.

3.    The dismissal of the New York Bankruptcy Case and New York Adversary Proceeding shall not affect the rights, claims, and defenses of Christopher Tottorelli and Jens Schulz, other similarly situated, and the Trustee in the chapter 7 case pending in the United States Bankruptcy Court for the District of Delaware.

4.    The terms of this Order shall be immediately effective upon its entry.

5.    The Clerk of the Court is hereby directed to reflect on the docket of the the New York Bankruptcy Case and New York Adversary Proceeding that they have been dismissed.

6.    The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.


**SO ORDERED THIS __ DAY OF JANUARY, 2014**


_____

Honorable Nancy H. Lord
United States Bankruptcy Judge
Eastern District of New York